## DAVIS *v.* DAVIS.

A libel, for a cause of divorce that by law must continue to exist at the time of its being filed, is defective if dated before it is filed.

Where the alleged cause of divorce is willing absence, without making provision for the libellant's support for the period of three years, it must be shown that the libellee left the libellant with the intention of not rejoining her again; or, having left with the intention of returning, that he afterwards determined to abandon her, and that this intention or determination was persevered in for three successive years, and continued to the time of the filing of the libel.

So, too, it must be shown, in such case, that the libellee had some pecuniary ability, either property or the proceeds of his own labor, wherewith to provide for the support of his wife, notwithstanding which he refused or neglected to make such provision.

LIBEL FOR DIVORCE, by the wife, for three years willing

absence of the husband, without making any suitable pro-vision for her support and maintenance.    The facts suffi-ciently appear in the opinion of the court.

*A. R. Hatch,* for the libellant.

*George Sparhawk,* for the libellee.

FOWLER, J.  The libel in this case is for a cause of divorce, which by law must continue to exist at the time of its being filed, and contains an allegation that it did so continue.    Yet the libel is dated three days before it was filed.    This is a fatal defect.    The date being *primâ facie* evidence of the true time when the libel was made and signed, it is apparent on the face of the papers that three days elapsed between the time when it was alleged by the libellant that the cause of divorce continued to exist at the time of the filing of the libel, and the actual fil-ing thereof.   This is only a short period, but great changes in the relations of the parties to a libel for divorce often occur in a shorter interval.   The libellant could not say that a. cause of divorce continued to exist at any future period ; and it has always been holden in this State that where it is necessary the cause of divorce should continue to exist at the time of filing the libel, and of consequence that the libel should allege such continued existence, and the libel is dated so that it is apparent from the record that an interval, however short, had elapsed between the making and filing of the libel, no divorce can be granted without an amendment of the proceedings.   This diffi-culty, which is always likely to occur if the libel be dated whenever it is drawn at considerable distance from the clerk's office, may readily be avoided by omitting to affix any date to it, leaving the date of the filing to be regarded as the date of the petition.

As the defect to which we have adverted might be obvi-

Davis v. Davis.

ated by an amendment, it becomes necessary to consider other objections to the granting of a divorce in the present case. The libel alleges that the libellee abandoned the libellant in August, 1854, and willingly absented himself from her from that time until March, 1858, without making suitable provision for her support. In giving a construction to the clause of the statute on which this libel is founded, it has, we think, uniformly been holden, that the court, before granting a divorce under it, must be satisfied that the libellee left the libellant with the intention of not living with her again, or, having left her, with the intention of returning, that he afterwards determined to abandon her, and that this intention or determination continued for three successive years, and up to the time of the filing of the libel; in other words, that the willing absence, must be, presumptively at least, a designed absence; a designed separation of the husband from the wife for three years, and until the filing of the libel. So, too, it has always been regarded as essential, in applications under this clause of the statute, that the husband should be shown to have had some pecuniary ability to furnish a support for his wife, to justify the court in granting a divorce — some available property, or the avails of his own labor, at least, which he had refused or neglected to appropriate for her maintenance.

Now, the evidence in the present case entirely fails to satisfy the court in all the particulars to which we have referred. It appears from it that the libellee started for California in August, 1854, for the purpose of seeking his fortune, and improving his pecuniary condition there; that the libellant, with their child, accompanied him to New-York, she and her mother providing funds to pay the fare of the family to that point; that she remained with him in New-York some two weeks, until he left for the Isthmus, in September, on the regular mail steamer; that during the entire period of his stay in California a

constant correspondence was kept up between the parties, and there is no intimation whatever that the idea of a permanent separation was ever suggested between them. There is no evidence or suggestion from any source that the libellee ever for a moment cherished the thought of not returning to his family as soon as practicable for him to do so.

So, the evidence is, that whatever property the libellee had in the world, after purchasing the ticket for his passage, except twenty-five dollars in his pocket, was left with the libellant's father. The libellee testifies that this amounted to six or seven hundred dollars, and that he left it in his father-in-law's possession, with an express understanding and agreement, that, so far as necessary, it should be appropriated to the support of his wife and child during his absence. There is no evidence from any source that the libellee, during his absence in California, possessed a particle of property — not even the avails of his own labor — except what remained here in the hands of his father-in-law, in whose family his wife and child resided during that absence.

The evidence further shows that immediately upon his return from California, the libellee visited his wife, and remained in the family ten or twelve days. He then went to Boston to work at his trade; but, upon the libellant's request, returned to Portsmouth, and assisted in moving herself and child, and her father's family, to Greenland, where he remained with her several days; that he made several trifling presents to his wife and child during these visits, and that he has since procured a boarding place in Boston, and repeatedly requested the libellant to go and live with him there. There is a conflict of testimony as to whether or not the parties cohabited during either of these visits, which it is not necessary to decide, inasmuch as we are clearly of opinion that the libellant has wholly failed to establish the existence of the cause of divorce

Davis *v.* Davis.

alleged, by failing to show a willing absence of the libellee from her, such as the statute contemplates, for three successive years, or any other period; much more the continuance of such willing absence up to the time of the filing or making of the libel; or any refusal or neglect of the libellee to provide for her support and maintenance for three successive years, or any other period; much more, the continuance of such refusal or neglect up to the time of the filing of the libel. The libel must therefore be dismissed.

*Libel dismissed.*